POLEN, J.
Appellant, Brett Fenster (“Fenster”), timely appeals a conviction following a jury trial of attempted second degree murder. Fenster raises seven independent challenges on appeal. First, Fenster contends that the State prosecutor’s closing argument was improper and constituted reversible error. We agree and remand for a new trial. Second, Fenster argues that he did not receive proper credit for time served. We agree and find that the trial court erred in calculating the amount of time Fenster served before sentencing. As to all other points on appeal, we affirm.
First, we hold that improper comments made by the State prosecutor to the jury during his closing argument denied Fenster a fair trial and therefore warrant a new trial.[1] “The proper exercise of closing argument is to review the evidence and to explicate those inferences which may reasonably be drawn from the evidence.” Bertolotti v. State, 476 So.2d 130, 134 (Fla.1985). As such, a State attorney is prohibited from commenting on matters unsupported by the evidence produced at trial. Huff v. State, 437 So.2d 1087, 1090 (Fla.1983). However, as the Florida Supreme Court held in Anderson v. State, 863 So.2d 169, 187 (Fla.2003):
In order to require a new trial based on improper prosecutorial comments, the prosecutor’s comments must either deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than that it would have otherwise.
During his closing argument, the State prosecutor made several comments that were unsupported by the evidence. The most egregious of these was a statement in which the prosecutor attempted to rebut Fenster’s claim of self-defense. At trial, Fenster claimed that Paula Peterson (“Peterson”) attacked him with a fork and that he was acting in self-defense when he pushed Peterson, causing her head to hit a wall of his apartment, where Peterson was renting a room. To rebut this affirmative defense, the State claimed in its closing that the police found the fork in the kitchen sink:
Mr. Grosz: What about the fork? Do you remember the testimony of Deputy Warmuth ... [that] the fork that [Fen-ster] pointed out that had been used to stab him was found where, remember? In the sink. She’s attacking him with a fork. How does it end up in the sink?
[[Image here]]
If she’s attacking him and he’s fending her off and she ends up unconscious, then why isn’t that fork on the floor? Why is[] it in the sink? None of the other stuff is cleaned up, why is that fork — how does it end up in the sink if it’s a weapon that being used in this violent attack on the defendant?
The prosecutor also claimed that Fenster knew or should have known that Peterson might hit a stud when he pushed her into the wall, because, according to the prosecutor, there generally are only sixteen *480 inches between studs in a wall. However, after reviewing the record, we find no evidence from which a reasonable person could infer that the fork was found in the kitchen sink, nor do we find evidence referring to stud location. In addition, the prosecutor made reference to legislative intent with regards to reasonable doubt, claimed that Peterson’s head was “swelling” as she lay on the apartment floor waiting for the police, and argued that Fenster had been upset that Peterson was moving out, when evidence supporting these statements does not appear in the trial record.
In making these improper comments, the prosecutor failed to comport with the conduct required in a criminal trial. “A criminal trial is a neutral arena wherein both sides place evidence for the jury’s consideration; the role of counsel in closing argument is to assist the jury in analyzing that evidence, not to obscure the jury’s view with personal opinion, emotion, and nonrecord evidence[.]” Ruiz v. State, 743 So.2d 1, 4 (Fla.1999). While none of these comments in isolation would have required a new trial, this court must look at the entire trial record when considering whether the comments at issue are of such a nature as to destroy the fairness of the proceeding. DeFreitas v. State, 701 So.2d 593, 596 (Fla. 4th DCA 1997) (quoting Ryan v. State, 457 So.2d 1084, 1091 (Fla. 4th DCA 1984)); see also Caraballo v. State, 762 So.2d 542, 547 (Fla. 5th DCA 2000) (holding that fundamental error occurs in closing when the “prejudicial conduct in its collective import is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury”). When considering the number of improper comments made by the prosecutor, it becomes clear that the prosecutor’s closing argument constitutes reversible error with respect to the “neutral arena” in which a trial should be held, Ruiz, 743 So.2d at 4, and that the curative instructions were insufficient.[2] The cumulative effect of these improper arguments was not harmless. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) (holding that to establish harmless error, the State must show “beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction”). Accordingly, we reverse and remand for a new trial.
Second, we hold that the trial court erred in calculating the number of days Fenster spent in county jail before sentencing and therefore did not give him full credit for time served. The legality of a sentence is a question of law and is subject to de novo review. Flowers v. State, 899 So.2d 1257, 1259 (Fla. 4th DCA 2005). “[T]he court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence.” § 921.161, Fla. Stat. (2006). Fenster was given credit for 317 days time served based upon the date which the ca-pias was served, January 27, 2004. However, he was arrested on August 8, 2003 for the crime charged and the record reveals that he was already in custody at the time the capias was served. Therefore, *481 we advise the trial court to revisit this, if necessary, upon retrial.
Based on the foregoing, we reverse and remand for new trial.

Reversed.

KLEIN and MAY, JJ., concur.

. Fenster's trial counsel properly preserved this issue for appellate review by timely objecting to the improper prosecutorial remarks and by stating the specific legal ground upon which his objections were based, i.e., lack of evidentiary support. See Lacey v. State, 831 So.2d 1267, 1268 (Fla. 4th DCA 2002) (stating that the law is clear that in order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation).

. We also note that the trial court did not explicitly sustain or overrule the objections made by Fenster’s trial counsel. Although not dispositive in this case, we encourage the court to make more specific rulings in the future. While the trial court properly instructed the jury that comments made during closing arguments do not in themselves constitute evidence, it is nevertheless important for both the parties and appellate courts for trial courts to make specific rulings either "sustaining” or "overruling” objections.