GERBER, J.
The defendant appeals his conviction and sentence for attempted second degree murder. He raises five arguments: (1) the trial court erred in denying his motion for judgment of acquittal; (2) the trial court erred in overruling his objection to the standard jury instruction for attempted second degree murder; (3) the trial court fundamentally erred in giving the standard jury instruction for the lesser offense of attempted manslaughter; (4) the prosecutor’s improper comments during closing argument require a new trial; and (5) the trial court erred in failing to give him credit for time served. We reject the first four arguments but agree with the fifth argument. We write to address the third, fourth, and fifth arguments only.
The trial court instructed the jury on the lesser included offense of attempted manslaughter as follows, in pertinent part:
To prove the crime of attempted manslaughter, a lesser included offense, the State must prove the following element beyond a reasonable doubt: [the defendant] committed an act which was intended to cause the death of [the alleged victim] and which would have resulted in the death of [the alleged victim] except that someone prevented [the defendant] from killing [the alleged victim] or he failed to do so.
(emphasis added). The defendant now argues that instruction constitutes fundamental error because it required the jury to find the defendant intentionally attempted to kill the victim. We reject that argument pursuant to our opinion in Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010). There, the defendant raised the same argument. Id. at 73. We concluded that no fundamental error occurred because “the crime of attempted manslaughter requires an intent to commit an unlawful act that would have resulted in the victim’s death rather than an intent to kill.” Id. at 74-75. We also concluded *467 that the instruction, as worded, did not confuse the jury because the jury found the defendant guilty of attempted second degree murder. Id. at 75. “Thus, the jury found the defendant intended the act that was ‘imminently dangerous’ and demonstrated a ‘depraved mind.’ ” Id.
We apply our conclusions in Williams to this case. As in Williams, we also certify the following questions of great public importance:
(1) Does the standard jury instruction on attempted manslaughter constitute fundamental error?
(2) Is attempted manslaughter a viable offense in light of State v. Montgomery, 39 So.3d 252 (Fla.2010)?
Further, as in Williams, we certify conflict with the first district’s contrary decision in Lamb v. State, 18 So.3d 734 (Fla. 1st DCA 2009).
As for the prosecutor’s closing argument, the defendant identifies fifteen comments which he alleges were improper. The defendant concedes, however, that in response to those fifteen comments, he objected only twice. One objection was on the basis that the prosecutor’s comment was not supported by the evidence. We agree with the trial court’s decision to overrule that objection because the comment was a reasonable inference based on the totality of the evidence. The second objection occurred when the prosecutor directly addressed the defendant. The trial court sustained the objection, struck the comment, and admonished the prosecutor to make no such further comments. We conclude that the trial court’s response cured the prosecutor’s action.
The defendant argues that because he objected to the two comments addressed above, this court may review the remaining thirteen comments to determine whether reversible error occurred. In support, the defendant cites, among other cases, Martinez v. State, 761 So.2d 1074 (Fla.2000). There, our supreme court held that “it is appropriate to consider both the preserved and unpreserved errors in determining whether the preserved error was harmless beyond a reasonable doubt.” Id. at 1082-83. Pursuant to that authority, we have considered both the preserved and unpreserved errors and conclude that any errors were harmless beyond a reasonable doubt. See Ventura v. State, 29 So.3d 1086, 1089 (Fla.2010) (quoting State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986)) (“The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.”) (emphasis added in Ventura ). We also conclude that the cumulative effect of the prosecutor’s comments does not rise to the level of fundamental error. See Boyd v. State, 45 So.3d 557, 560 (Fla. 4th DCA 2010) (“Improper comments rise to the level of fundamental error only where the error ‘reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’ ”) (citation omitted).
The defendant correctly notes that this is not the first time we have been asked to review allegedly improper comments during closing argument by the same prosecutor in this case. In Fenster v. State, 944 So.2d 477 (Fla. 4th DCA 2006), we held that the prosecutor’s improper comments during closing argument in the first trial of this case warranted a new trial. Id. at 479. Our opinion there, however, focused on our conclusion that the prosecutor “made several comments that were unsupported by the evidence.” Id. We also observed that the defendant’s trial counsel “properly preserved this issue for appellate review by timely objecting to the improper prosecutorial remarks and by stat *468 ing the specific legal ground upon which his objections were based, ie., lack of evi-dentiary support.” Id. at 479 n. 1 (citation omitted). During the second trial at issue here, though, the defendant objected to only one comment as being unsupported by the evidence, which objection the trial court properly overruled. While we would summarize many of the prosecutor’s remaining comments in the second trial as being both unprofessional and unnecessary to obtain a conviction, those comments do not rise to the level of harmful or fundamental error.[1]
As for the defendant’s jail credit, we held in our review of the first trial that “the trial court erred in calculating the number of days [the defendant] spent in county jail before sentencing and therefore did not give him full credit for time served.” Id. at 480. We advised the trial court “to revisit this, if necessary, upon retrial.” Id. at 481. Upon retrial and conviction, however, the trial court did not give the defendant full credit for the time served at the time of his sentencing on May 7, 2007. We presume that the trial court’s failure to comply with our previous holding was inadvertent. Therefore, we remand with direction to the trial court to credit the defendant with the 1,373 days of time served at the time of his sentencing on May 7, 2007.

Conviction affirmed; remanded for correction of jail credit.

TAYLOR, J„ and PEGG, ROBERT L., Associate Judge, concur.

. By this opinion, we do not mean to suggest that we condone the prosecutor’s unprofessional comments. We are as troubled with the prosecutor’s behavior as we are with the fact that the defendant's trial attorney did not object to those comments. As stated above, however, we decide today only whether the prosecutor's comments rise to the level of harmful or fundamental error.