ON REMAND FROM THE SUPREME COURT OF FLORIDA

PER CURIAM.
Milagro Cunningham was tried by jury and convicted of attempted second-degree murder, a lesser included offense of the charged attempted first-degree murder (count I); kidnapping a child under thirteen years of age (count II); three counts of sexual battery on a child under twelve years of age (counts III, IV and V); and aggravated child abuse (count VI). The defendant appealed, challenging both his convictions and the resulting sentences. We affirmed the defendant’s convictions, but reversed the life sentences imposed for counts II, III, IV and V in light of Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), remanding for resentencing on these counts.
*2 Among the issues defendant raised was a claim that the trial court fundamentally erred by giving the then-standard jury instruction for the lesser-included offense of attempted manslaughter by act. We resolved this issue adversely to the defendant, relying upon our earlier decision in Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010) (“Williams I”). The defendant petitioned for review in the Florida Supreme Court, and while the petition was pending, the Florida Supreme Court quashed this court’s opinion in Williams I. See Williams v. State, 123 So.3d 23, 30 (Fla.2013) (“Williams II”). The court held:
[A] trial court commits fundamental error in giving the standard jury instruction on attempted manslaughter by act where the defendant is convicted of a crime no more than one step removed from the improperly instructed offense.
Id. at 27.
By order, the supreme court accepted jurisdiction of this case, quashed this court’s opinion, and remanded for reconsideration upon application of its opinion in Williams II. Cunningham v. State, 134 So.2d 446 (Fla.2014). In light of Williams II, we hold that the trial court committed fundamental error in giving the then-standard jury instruction on attempted manslaughter by act.
' Accordingly, we reverse the defendant’s conviction for attempted second-degree murder and remand for a new trial on that count. Defendant’s convictions for counts II, III, IV, V and VI are unaffected by Williams and are, accordingly, once again affirmed.

Affirmed in part; Reversed in Part; and Remanded for Proceedings Consistent with this Opinion.

STEVENSON, MAY and CIKLIN, JJ., concur.