ON REMAND FROM THE SUPREME COURT OF FLORIDA

PER CURIAM.
The defendant appealed from a conviction and sentence for attempted second degree murder as a lesser included offense of attempted first degree murder. This court affirmed. Fenster v. State, 61 So.3d 465 (Fla. 4th DCA 2011). Our affirmance was based on our opinion in Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010) (Williams I”). Williams I held that the giving of the standard jury instruction on attempted manslaughter was not fundamental error in a prosecution for attempted first degree murder in which the defendant was convicted of the lesser included offense of attempted second degree murder. Id. at 74-75.
The defendant petitioned for review in the Florida Supreme Court. While the petition was pending, the Florida Supreme Court quashed this court’s opinion in Williams I. Williams v. State, 123 So.3d 23, 30 (Fla.2013) (“Williams II”). The Court held:
*233 [A] trial court commits fundamental error in giving the standard jury instruction on attempted manslaughter by act where the defendant is convicted of a crime no more than one step removed from the improperly instructed offense.
Id. at 27. The Court then quashed this court’s opinion in this case, and remanded for reconsideration upon application of its opinion in Williams II. Fenster v. State, 135 So.3d 288 (Fla.2014).
In light of Williams II, we hold that the trial court committed fundamental error in giving the standard jury instruction on attempted manslaughter. We reverse and remand for a new trial on the charge of attempted second degree murder.

Reversed and remanded for proceedings consistent with this opinion.

TAYLOR and GERBER, JJ., and PEGG, ROBERT L., Associate Judge, concur.