DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**EDNERE FRANCOIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1558

[October 29, 2014]

Petition alleging ineffective assistance of counsel to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 09-15729 CF10A.

Ednere Francois, Lauderdale Lakes, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We grant Ednere Francois' petition alleging ineffective assistance of appellate counsel. Francois was convicted after jury trial of two counts of attempted second degree murder. On direct appeal, appellate counsel argued that the trial court committed fundamental error in giving the standard jury instruction on attempted manslaughter, a lesser offense only one step removed. This Court affirmed without explanation. *Francois v. State*, 85 So. 3d 497 (Fla. 4th DCA 2012) (table).

At the time of the direct appeal, the First District Court of Appeal had extended *Montgomery v. State*, 70 So. 3d 603, 608 (Fla. 1st DCA 2009), *approved*, 39 So. 3d 252 (Fla. 2010), to the *attempted* voluntary manslaughter jury instruction. *Lamb v. State*, 18 So. 3d 734, 735 (Fla. 1st DCA 2009). We certified conflict with *Lamb* in *Williams v. State*, 40 So. 3d 72 (Fla. 4th DCA 2010), which was ultimately quashed by *Williams v. State*, 123 So. 3d 23 (Fla. 2013).

Francois argues that counsel was ineffective in failing to request certification of the conflict in his case or a citation to this Court's decision in *Williams*. We agree.

We have granted relief in similar situations. *See Wimberly v. State*, 39 Fla. L. Weekly D1884 (Fla. 4th DCA Sept. 3, 2014) (granting ineffective assistance of appellate counsel petition for failure to raise *Lamb* and argue the fundamental error in the jury instruction); *Walden v. State*, 39 Fla. L. Weekly D2069 (Fla. 4th DCA Oct. 1, 2014) (granting habeas corpus where conflict was not certified and no citation was provided to the conflict case).

Appellate counsel was deficient in failing to preserve Francois' ability to seek further review in the Florida Supreme Court. We have reversed and ordered a new trial in a number of cases that were remanded following the Florida Supreme Court's decision in *Williams*.[1] If counsel had requested certification of the conflict, or a citation to our decision in *Williams*, Francois would have obtained the same relief.

We have considered the State's arguments in this proceeding and find them to be without merit. As in *Wimberly*, although Francois argued mistaken identity at trial, the issue of intent was disputed in this murder trial. 39 Fla. L. Weekly at D1885. The State's argument that trial counsel invited the error by requesting the erroneous instruction overlooks the fact that the defendant in *Williams* had also requested the instruction. 123 So. 3d at 25.

We therefore grant the petition. Because a new appeal would be redundant, we vacate the convictions for attempted second degree murder and remand for a new trial.

*Petition granted.*

STEVENSON, TAYLOR and GERBER, JJ., concur.

*       *       *

---

[1] *See, e.g., Rodriguez v. State,* 139 So. 3d 489 (Fla. 4th DCA 2014); *Fenster v. State*, 141 So. 3d 232 (Fla. 4th DCA 2014); *Lopez v. State*, 138 So. 3d 488 (Fla. 4th DCA 2014); *Davis v. State*, 138 So. 3d 489 (Fla. 4th DCA 2014); *Sessions v. State*, 137 So. 3d 1167 (Fla. 4th DCA 2014); *Coriolan v. State*, 137 So. 3d 1080 (Fla. 4th DCA 2014); *Cunningham v. State*, 39 Fla. L. Weekly D451 (Fla. 4th DCA Feb. 26, 2014); *Cox v. State*, 132 So. 3d 956 (Fla. 4th DCA 2014); *Morgan v. State*, 132 So. 3d 930 (Fla. 4th DCA 2014); *Williams v. State*, 121 So. 3d 634 (Fla. 4th DCA 2013).

2

*Not final until disposition of timely filed motion for rehearing.*