DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**RAUL GIBSON,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D13-1397

[November 26, 2014]

Petition for writ of habeas corpus to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 07-1163 CF10A.

Raul Gibson, Blountstown, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Raul Gibson petitions this court for a writ of habeas corpus alleging a manifest injustice in the denial, without citation, of his petition alleging ineffective assistance of appellate counsel. The earlier of the two petitions argued that counsel was deficient in not challenging a *Montgomery*[1] jury instruction on direct appeal of his attempted second degree murder conviction. Although our decision in *Williams v. State*, 40 So. 3d 72 (Fla. 4th DCA 2010), required denial of the petition, if this court had provided a citation, Gibson could have obtained relief from the Florida Supreme Court. We therefore grant the petition. *See Coleman v. State*, 128 So. 3d 193, 194 (Fla. 5th DCA 2013) (granting a successive

---

[1] *See Montgomery v. State*, 70 So. 3d 603 (Fla. 1st DCA 2009) (holding that the standard jury instructions for the lesser offense of manslaughter by act improperly imposed an intent to kill element and was fundamentally erroneous where defendant was convicted of an offense only one step removed), *approved*, 39 So. 3d 252 (Fla. 2010).

ineffective appellate counsel petition where a prior petition arguing a *Montgomery* claim was denied without explanation).

Gibson was charged with attempted first degree murder, shooting at or into an occupied vehicle, and retaliating against a witness, victim, or informant. The jury instructions on the lesser offense of attempted voluntary manslaughter required an intent to kill, the same defect identified in *Montgomery*. He was found guilty of attempted second degree murder which was only one step removed from the erroneous attempted manslaughter instruction.

Gibson's earlier petition claimed that appellate counsel was ineffective in failing to file a supplemental brief in the direct appeal raising the First District's decision in *Montgomery*. At the time, this court had held that the fundamental error identified in *Montgomery* did not extend to the *attempted* voluntary manslaughter instruction. *Williams*, 40 So. 3d at 72. The Florida Supreme Court ultimately quashed our decision. *Williams v. State,* 123 So. 3d 23, 25 (Fla. 2013).

Had this court provided a citation to *Williams* in our denial of Gibson's first petition, Gibson could have obtained relief from the Florida Supreme Court. *See, e.g., Wimberly v. State*, 39 Fla. L. Weekly D1884 (Fla. 4th DCA Sept. 3, 2014) (granting relief on remand from the Florida Supreme Court where this court denied the ineffective assistance of appellate counsel petition with citation to our decision in *Williams*); *Walden v. State*, 39 Fla. L. Weekly D2069 (Fla. 4th DCA Oct. 1, 2014) (same).[2]

Because it would result in a manifest injustice to deny Gibson the same relief, we grant the petition and remand for a new trial.

*Petition granted.*

GROSS, TAYLOR and CIKLIN, JJ., concur.

---

[2] We have granted a new trial in a number of direct appeal cases that were initially affirmed based on our decision in *Williams. Rodriguez v. State*, 139 So. 3d 489 (Fla. 4th DCA 2014); *Fenster v. State*, 141 So. 3d 232 (Fla. 4th DCA 2014); *Lopez v. State,* 138 So. 3d 488 (Fla. 4th DCA 2014); *Davis v. State*, 138 So. 3d 489 (Fla. 4th DCA 2014); *Sessions v. State*, 137 So. 3d 1167 (Fla. 4th DCA 2014); *Coriolan v. State*, 137 So. 3d 1080 (Fla. 4th DCA 2014); *Cunningham v. State*, 39 Fla. L. Weekly D451 (Fla. 4th DCA Feb. 26, 2014); *Cox v. State,* 132 So. 3d 956 (Fla. 4th DCA 2014); *Morgan v. State*, 132 So. 3d 930 (Fla. 4th DCA 2014).

*       *       *

*Not final until disposition of timely filed motion for rehearing.*