MARSTILLER, J.
Henry A. Jenkins (“Appellant”) seeks reversal of his conviction for armed robbery, asserting two errors by the trial court. First, he argues that the court erred by denying his motion to suppress the victim’s out-of-court identification of him as her assailant. Second, he argues that the court erred by failing to declare a mistrial after the prosecutor commented on his demeanor during closing argument. We conclude that the show-up identification procedure the police used in this case was not unnecessarily suggestive and did not create a substantial likelihood of mis-identification. We further conclude that the prosecutor’s comment, although improper, was isolated and did not affect the fairness of the trial. For these reasons, we affirm Appellant’s conviction.

I. Motion to Suppress

Upon returning from work to her apartment complex the night of February 5, 2010, Lauren Jiminez noticed three men sitting in a gold Saturn in the parking lot. As she walked up the stairs to her apartment, someone approached her from behind and said “Don’t move.” She claimed that when she turned around, she saw a man wearing a ski mask pointing a gun at her. She described the robber as taller than her, with a long black shirt and black *1112 pants. The robber made her lie on the ground, then took her purse and ran away.
Ms. Jiminez called 911 from a neighbor’s apartment and described the gold Saturn to the police. Approximately twenty minutes later, police took her to a gas station in the vicinity and showed her two men, one at a time. Although she had not seen the assailant’s face during the robbery, she was 90% sure that the first man police showed her — Appellant—was the robber based on his weight, height, and clothing. Appellant was in handcuffs and stood roughly fifty feet away from Ms. Jiminez, illuminated by the spotlight and headlights of a police cruiser. She identified the second man, who was wearing a red shirt, as another individual she saw inside the gold Saturn. The police then took her to a nearby site where the gold Saturn had crashed,'and she identified her purse and personal belongings at the scene.
Appellant moved pretrial to suppress the victim’s out-of-court identification, arguing that the show-up procedure[1] the police used was impermissibly suggestive because Appellant was in handcuffs when presented to the victim. He also argued that the procedure created a substantial likelihood of misidentification since the victim did not see the assailant’s face, and said she was only 90 percent sure the suspect indeed was the man who robbed her. The State responded that the show-up occurred mere minutes after the robbery, and the victim had independent grounds to identify Appellant as he was the same body type and was wearing the same black shirt and pants as the robber. The trial court denied the motion, finding the out-of-court identification not “unduly suggestive.”
We review the denial of Appellant’s motion to suppress the victim’s out-of-court identification for abuse of discretion. See Jordan v. State, 637 So.2d 361 (Fla. 1st DCA 1994). “The test for suppression of an out-of-court identification is twofold: (1) whether the police used an unnecessarily suggestive procedure to obtain the out-of-court identification; and (2) if so, considering all the circumstances, whether the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification.” Rimmer v. State, 825 So.2d 304, 316 (Fla.2002). If the procedures used to obtain the out-of-court identification were not “unnecessarily suggestive,” the court need not consider the second part of the test. See Fitzpatrick v. State, 900 So.2d 495, 518 (Fla.2005).
The show-up identification procedure police used in this case “is, by its nature, suggestive in that, unlike a line-up, a witness is presented with only one possible suspect for identification[.]” State v. Cromartie, 419 So.2d 757, 759 (Fla. 1st DCA 1982). See Perez v. State, 648 So.2d 715, 719 (Fla.1995). But show-ups are not invalid “unless the police aggravate the suggestiveness of the confrontation,” State v. Jackson, 744 So.2d 545, 548 (Fla. 5th DCA 1999), or the procedure “give[s] rise to [a] substantial likelihood of irreparable misidentification under the totality of circumstances.” Cromartie, 419 So.2d at 759. Nothing in the record indicates that the police did anything to render Appellant’s show-up unnecessarily suggestive. Appellant asserts that presenting him to the witness in handcuffs tainted the procedure. *1113 But keeping a suspect in handcuffs is insufficient, without more, to invalidate a show-up. See Jackson 744 So.2d at 548.
Circumstances to consider in determining whether the show-up procedure created a substantial likelihood of irreparable misidentification include:
the opportunity of the witness to view the criminal at the time of the crime, the witness’ degree of attention, the accuracy of the witness’ prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.
Perez, 648 So.2d at 719 (quoting Neil v. Biggers, 409 U.S. 188, 199, 98 S.Ct. 375, 34 L.Ed.2d 401 (1972)). Here, the victim, Ms. Jiminez, was able to observe her assailant’s clothing and build during the robbery, and she identified Appellant based on those factors. Her detailed descriptions of him and the vehicle she saw him and his cohorts in enabled police to apprehend the group and conduct the show-up only twenty minutes after the robbery occurred. Because the robber wore a mask, Ms. Jiminez was not completely certain in identifying Appellant as the man who robbed her. But she was 90 percent sure, and in light of her accurate description of him to police, and the mere twenty-minute period between the robbery and the show-up, the likelihood of misidentification was slight. Under these circumstances, we find no abuse of discretion by the trial court in denying Appellant’s motion to suppress the out-of-court identification.

II. Motion for Mistrial

At trial, Appellant moved for a mistrial after the prosecutor made the following statements during his closing:
The defense has asked you to evaluate the demeanor [of the] different witnesses that testified before you today. I also encourage you to review the demeanor of the defendant himself.
While [the assistant prosecutor] was making his opening statement, and he sat there smiling at you, he thinks this is funny, this is all a joke.
The focus of the motion for mistrial was the prosecutor’s final comment that Appellant thought the proceeding was “funny” and “all a joke.” The trial court found insufficient grounds to grant a mistrial and denied the motion. Appellant did not seek a curative instruction.
A trial court should grant motion for mistrial only when doing so is necessary to ensure the defendant receives a fair trial. See Hamilton v. State, 703 So.2d 1038, 1041 (Fla.1997) (stating “a mistrial is appropriate only where the error is so prejudicial as to vitiate the entire trial”); Gudinas v. State, 693 So.2d 953, 964 (Fla.1997). We review the denial of Appellant’s motion for mistrial for abuse of discretion. See Evans v. State, 995 So.2d 933, 953 (Fla.2008).
A prosecutor’s comments, to justify a mistrial, “must either deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than it would have otherwise.” Spencer v. State, 645 So.2d 377, 383 (Fla.1994). The comment at issue here was improper as it invited the jury to consider Appellant’s demeanor off the witness stand. See Rodriguez v. State, 609 So.2d 493, 501 (Fla.1992) (stating that prosecutor’s comment that defendant appeared to be sleeping was “clearly improper,” and that defendant’s demeanor while not on witness stand “is not a proper subject for argument”). But the comment was isolated, and there was ample evi *1114 dence of Appellant’s guilt — including a co-defendant’s testimony that Appellant instigated and committed the robbery, and testimony from police officers that they apprehended Appellant still in possession of Ms. Jiminez’s purse. Thus, we conclude the comment, albeit improper, did not justify granting a mistrial. Cf. Wellons v. State, 87 So.3d 1223,1224-25 (Fla. 3d DCA 2012) (holding that prosecutor’s comment that defendant “was so bored that he took a nice long yawn” was improper, but isolated, and not grounds for mistrial).
AFFIRMED.
VAN NORTWICK and ROBERTS, JJ., concur.

. As described by one officer, "[a] show-up is where you have your suspects, and they’re at the scene, you leave them at the scene, and bring the victim to the scene, and then you put all sorts of lights on them so the suspect can’t see anything, and the victim kind of hides in the backseat and looks over them. If [the victim] can physically identify him or not, they'll say that, that was the person they remember or not.”