# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2883

_____

DANIEL THOMAS FOUNTAIN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Thomas V. Dannheisser, Judge.

July 9, 2019

JAY, J.

Appellant has appealed his judgment and sentences for shooting at or into an occupied vehicle and aggravated assault by threat with a deadly weapon. *See* §§ 790.19 & 784.021(1)(a), Fla. Stat. (2016). We affirm both points raised by Appellant. Only one of those points merits discussion.

I.

In concluding her rebuttal closing argument, the prosecutor declared:

> Now, you have seen the evidence, you have heard the testimony, and you are going to have all the evidence and testimony to take back with you. The only thing left to do

in this instance is to apply the law the judge gives you to the facts and the testimony *and return a verdict that truth dictates and justice demands, and that is that this defendant is guilty* as charged on both counts.

Immediately, defense counsel asked the trial court if they could approach the bench, whereupon counsel moved for a mistrial. Counsel argued that the emphasized portion of the prosecutor's statement improperly apprised the jury of the State's opinion as to guilt, to which the jury would accord an inordinate and prejudicial amount of weight in deliberating the question of Appellant's guilt or innocence. The trial court denied the motion, explaining that, when viewed in context, the statement was relevant to what the State's evidence showed, and, to the extent "the word 'evidence' wasn't mentioned in that sentence," the court announced the statement was not so pervasive or repetitive "as to be a basis or even close to a mistrial." We agree.

## II.

We review the denial of a motion for mistrial for an abuse of discretion. *Jenkins v. State*, 96 So. 3d 1110, 1113 (Fla. 1st DCA 2012). In that context, the bar has been set high to obtain a mistrial based on improper prosecutorial comments: "A prosecutor's comments, to justify a mistrial, 'must either deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than it would have otherwise.'" *Id.* (quoting *Spencer v. State*, 645 So. 2d 377, 383 (Fla. 1994)).

We acknowledge that "[a] criminal trial is a neutral arena wherein both sides place evidence for the jury's consideration; the role of counsel in closing argument is to assist the jury in analyzing that evidence, not to obscure the jury's view with personal opinion, emotion, and nonrecord evidence[.]" *Ruiz v. State*, 743 So. 2d 1, 4 (Fla. 1999) (citing *United State v. Garza*, 608 F.2d 659, 662-63 (5th Cir. 1979)). Consequently, a prosecutor cannot, in closing arguments, imply that the State would not be prosecuting anyone who was not guilty or call the defendant a liar. *Id.* at 5 (citing *Hall v. United States*, 419 F.2d 582 (5th Cir. 1969)). Furthermore:

2

[A] bedrock principle of our criminal justice system is that every effort must be made in any trial . . . to ensure that the jurors base their decision, not on sympathy for the victim or prejudice against the defendant, but solely on the facts elicited during trial and the law instructed by the trial court. The State's burden is to prove the elements of the crime beyond a reasonable doubt. When the State instead uses closing argument to appeal to the jury's sense of outrage at what happened to the victim and asks the jurors to return a verdict that brings "justice" to the victim, the State perverts the purpose of closing argument and engages in the very type of argument that has been repeatedly condemned as antithetical to the foundation of our criminal justice system that guarantees a fair trial to every accused.

*Cardona v. State*, 185 So. 3d 514, 519-20 (Fla. 2016). Thus, a prosecutor is prohibited from making repeated references asking for "justice" for the victim, "regardless of whether the case involves [] heart-wrenching circumstances." *Id.* at 520. The supreme court in *Cardona* stressed that such remarks are "the most egregious category of clearly improper closing argument" because they "improperly inflame[] the minds and passions of the jurors . . . ." *Id.* at 519.

But we are not persuaded by Appellant's claim that, in his case, the prosecutor's comment—"truth dictates and justice demands"—impermissibly invoked her status as the government's attorney in order to tip the scales in favor of conviction, or that it so inflamed the passions of the jury as to impel a guilty verdict. Instead, we agree with the trial court that, taken in context, the prosecutor's statement was simply a reference to the strength of the State's evidence. *See, e.g.*, *Morris v. Parker*, No. 11–2331–STA–cgc, 2014 WL 2956422, at *25 (W.D. Tenn. signed June 30, 2014) (finding nothing in the prosecutor's statement to the jury—in which he asserted that "a guilty verdict 'is the verdict that truth dictates and that justice demands and any other verdict would be a violation of the oath that [the jurors] took to return a true verdict'"—expressed the prosecutor's personal belief or opinion or was designed to inflame the passions of the jury, but, instead, it "simply reminded the jury of its oath and asserted the State's

3

position that it had met its burden, thereby necessitating, in the State's view, a guilty verdict"); *State v. Fiore*, No. A-0960-09T2, A-1078-09T2, 2013 WL 4746466, at *12 (N.J. Super. Ct. App. Div. Sept. 5, 2013) (holding the prosecutor's final comment "that he was 'confident' that 'after you hear all the evidence . . . you will be left with one choice, one clear choice, that truth dictates and justice demands,' which would be a guilty verdict . . . was nothing more than a statement of belief in the strength of the State's case"); *cf. State v. Dotson*, No. W2011–00815–CCA–R3–DD, 2013 WL 4728679, at *73 (Tenn. Ct. App. June 25, 2013) (emphasis in original) (concluding that where the trial court repeatedly instructed the jury that the defendant was innocent until proven guilty, its instructing the jury to "'[t]ake the case, consider all of the facts and circumstances fairly and impartially and return to the court with the verdict that TRUTH dictates and JUSTICE demands'" would not have caused it to render a guilty verdict regardless of whether the State had proved its case beyond a reasonable doubt).

Furthermore, the prosecutor's statement was an isolated one. *See Truehill v. State*, 211 So. 3d 930, 950-51 (Fla. 2017) (holding that although the trial court erred in overruling defense counsel's objection to a clearly improper "'justice for the victim'" statement made by the prosecutor, the "statement was an isolated comment and thus, it alone would not mandate reversal"). As such, we hold it did not deprive Appellant "of a fair and impartial trial," did not "materially contribute to [his] conviction," was not "so harmful or fundamentally tainted as to require a new trial," and was not "so inflammatory that [it] might have influenced the jury to reach a more severe verdict than it would have otherwise." *Jenkins*, 96 So. 3d at 1113 (some quotation marks omitted).

III.

Accordingly, we hold Appellant has not demonstrated that the trial court abused its discretion in denying his motion for mistrial.

AFFIRMED.

ROWE and M.K. THOMAS, JJ., concur.

4

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.