PER CURIAM.
This is an appeal from a conviction for armed robbery and armed burglary. We affirm.
The appellant, Rodney Williams, contends the trial court committed reversible error in denying a defense motion for a mistrial based upon an improper statement of the prosecutor. In the prosecutor’s final argument to the jury, the prosecutor commented upon the appellant’s laughing and snickering during the trial.
We agree that the State’s comment on appellant’s demeanor at trial, was
*29 improper. Pope v. Wainwright, 496 So.2d 798 (Fla.1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987). However, we do not find that such improper comment requires reversal of the judgments of conviction. This is because we find there was overwhelming evidence of guilt in this case, as established by the testimony of the victim, who positively identified the appellant as the perpetrator of the offenses. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986); McCray v. State, 503 So.2d 995 (Fla. 3d DCA 1987). A similar comment was made by the prosecutor in Pope v. Wainwright, 496 So.2d at 802. The Florida Supreme Court stated:
At first blush, the petitioner’s cumulative impact argument may appear very persuasive; however, after reviewing the entire record and all the challenged comments which arguably could have influenced the jury in its determination of guilt, we find that the comments taken individually or as a whole did not so infect the proceeding as to deprive the petitioner of his fundamental right to a fair trial.
Pope, 496 So.2d at 802.
Having reviewed the record in the present case, we affirm the judgments of conviction appealed.