679 So.2d 825 (1996)
Erasmo BALDEZ, Appellant,
v.
STATE of Florida, Appellee.
Nos. 95-0678, 95-2253.
District Court of Appeal of Florida, Fourth District.
August 21, 1996.
Rehearing and Certification of Question Denied October 7, 1996.
*826 Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
The appellant was convicted of capital sexual battery of a victim under the age of 12 years old. Appellant claims that the prosecutor made improper arguments addressing his demeanor off of the witness stand, to which his objection was overruled. We agree, and because we cannot find the error harmless beyond a reasonable doubt, we reverse.
The appellant, the victim's great uncle, lived with the victim's family. Occasionally, the victim's mother would leave the appellant in charge of her children. It was during these times that the victim testified that the appellant had sex with her. She also testified that her younger brother saw them together. The medical evidence showed that the victim had been penetrated both vaginally and anally, but the victim testified that one of her uncles was responsible for the latter, rather than appellant. The appellant testified and denied the charges. He claimed that the victim's family badgered him, and that the children had a tendency to say bad things about other people when they did not get their way.
In closing argument, the prosecutor made the following argument:
You saw the child. She tried to answer the questions.
Did she act as someone fabricating a story? No. Why? Because she was telling the truth.
Now look at Jesus. Eight-year-old boy, scared. He took that witness stand. You should also consider what he was facing.
This defendant leaned forward and glared at Jesus all during his
MR. ABEL: I object to that. It's improper.
THE COURT: Overruled.
MR. HARRISON: Glared at him.
You saw Jesus cut his eyes towards the Defendant. He was scared.
But did it get him shaken about what he saw? He didn't get shaken. He told what he saw.
Later the prosecutor told the jurors that the appellant was glaring at Jesus, who maintained his story, and again on rebuttal referenced the appellant's conduct in looking at the witness.
The state contends that the error, if any, was not preserved by a motion for mistrial. However, in Simpson v. State, 418 So.2d 984 (Fla.1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983), the supreme court held that where an objection is overruled, a motion for mistrial would be a futile act and the contemporaneous objection is all that is required to preserve the issue. See also Holton v. State, 573 So.2d 284, 288 (Fla.1990), cert. denied, 500 U.S. 960, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991). We therefore find that the issue was properly preserved.
It is improper for a prosecutor to comment on the defendant's demeanor when he is not on the witness stand. Pope v. Wainwright, 496 So.2d 798 (Fla.1986) (prosecutor's comments during closing argument that defendant was "grinning from ear to ear" clearly improper, as defendant's demeanor off the witness stand may not be the subject of discussion in closing arguments), cert. denied, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987). Thus, the question is whether the error was harmful or harmless.
The effect of these comments within the context of the prosecutor's closing *827 argument was certainly improper. It suggested to the jury that the appellant was guiltily attempting to intimidate the child witnesses; that he harbored ill will against them; and that the state's witnesses were telling the truth because they still testified against the appellant despite his attempt to intimidate them. The appellant testified in his own defense and denied all of the children's allegations against him. Thus, the prosecutor was using the appellant's demeanor off of the witness stand as a reason to bolster the credibility of the child witnesses whose testimony conflicted on certain points. Bolstering the credibility of the witnesses by reference to matters outside the record is improper in closing argument. See Clark v. State, 632 So.2d 88 (Fla. 4th DCA 1994), overruled on other grounds, T.B. v. State, 669 So.2d 1085 (Fla. 4th DCA 1996).
We cannot find this error to be harmless. The appellant contradicted the testimony of the child witnesses, who as noted above had some conflicts in their testimony. The medical evidence showed that the victim had been penetrated, but the victim had testified that she had been sexually involved with other people besides the appellant. Given the conflicting evidence, we cannot say that the error was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
As to the remaining issues raised by appellant, the challenge to the jurisdiction of the county judge has been resolved by Wild v. Dozier, 672 So.2d 16 (Fla.1996). We also affirm the trial court's ruling on the evidentiary question.
Reversed and remanded for a new trial.
GROSS, J., and GROSSMAN, MELVIN B., Associate Judge, concur.