CAMPBELL, Acting Chief Judge.
Appellant challenges her first degree murder conviction, arguing that the prosecutor made improper prejudicial closing remarks. She also argues that the court erred in admitting photographs of the victim into evidence. We find no merit in either argument and affirm.
Appellant argues first that the prosecutor made improper prejudicial remarks during closing and that the court erred in denying her motion for mistrial on that basis. A review of the prosecutor’s closing argument reveals, however, that the comments were merely proper comment on the evidence. The prosecutor’s references to who should be believed regarding the time of the murder were simply comments on the medical examiner’s testimony and on another witness’ testimony regarding the time of the murder. The comment about Appellant’s propensity to lie was similarly a comment on the evidence presented at trial, specifically Appellant’s own tape-recorded statement that she had lied so many times before that no one could believe her. This was not the type of comment that was found improper in Baldez v. State, 679 So.2d 825 (Fla. 4th DCA 1996).
Although the prosecutor did argue in terms of “how are you going to get around that,” this comment and others like it were merely rhetorical. This phraseology was not used in an attempt to ask the jurors to put themselves in the shoes of anyone else; it was merely a manner of speaking. There was no Golden Rule argument here. See DeFreitas v. State, 701 So.2d 593 (Fla. 4th DCA 1997). We thus conclude that the prosecutor’s closing remarks were not improper and that the court did not err in denying Appellant’s motion for mistrial on this basis. See Duest v. State, 462 So.2d 446 (Fla.1985).
We turn now to Appellant’s argument that certain photographs of the victim were improperly admitted because their gruesome nature outweighed any evi-dentiary benefit they provided. We cannot agree. Photographs are admissible to explain the nature and location of the victim’s wounds and the cause of death. See Burns v. State, 609 So.2d 600 (Fla.1992). The photographs here were introduced to show the victim’s wounds and to show that they could not have been made with a jagged beer bottle, as asserted by Appellant. While these photographs were gruesome, they are not egregiously so in view of the nature of the crime. In that regard, they cannot be compared to those in either Burns or Czubak v. State, 570 So.2d 925 (Fla.1990), where the photographs at issue were ruled inadmissible. The photographs here were not so shocking as to defeat the value of their relevance.
Affirmed.
WHATLEY and STRINGER, JJ„ Concur.