ROTHENBERG, J.
The defendant, Ronald Williams, challenges his convictions and sentences for attempted first degree murder and attempted second degree murder. We affirm.
The issue in this case is whether the trial court abused its discretion by overruling defense counsel’s objections to statements made during the State’s closing argument and denying the defendant’s motions for mistrial following these statements. While we find that the statements were improper, we affirm the defendant’s convictions because, based on the overwhelming evidence of guilt, the error was harmless. See Goodwin v. State, 751 So.2d 537, 547 (Fla.1999) (holding that a motion for mistrial “should be granted only when it is necessary to ensure that the defendant receives a fair trial”) (quoting Cole v. State, 701 So.2d 845, 853 (Fla.1997)); State v. DiGuilio, 491 So.2d 1129, *219 1135 (Fla.1986) (“The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.”).
The defendant’s defense at trial was mistaken identification. The evidence at trial was that the victim of the attempted first degree murder (“victim # 1”) knew the defendant. Victim # 1 testified that the defendant approached him (in broad daylight at a flea market), and at a distance of approximately two feet, the defendant pointed a firearm at him, pulled the trigger, but the firearm jammed. When the defendant began to back away, victim # 1 turned to leave, but when he heard “Cynthia” (“the eyewitness”) screaming, he turned and saw the defendant behind him and he began to run, with the defendant chasing him and shooting at him. Victim # 1 was ultimately shot in the back. Victim # 1 positively identified the defendant as the shooter.
The eyewitness also positively identified the defendant as the shooter, and she too knew the defendant, with whom she had grown up. The eyewitness testified that she saw the defendant point a firearm at victim # 1, pull the trigger, and when the firearm jammed, she observed the defendant retreat, return, and shoot at the defendant while chasing him. She testified that the defendant shot at victim # 1 at least three or four times.
Victim #2 is a fourteen-year-old girl, who was also shot during the incident. She described the man she saw with the gun, and subsequently positively identified the defendant both from photographs and at trial.
Additionally, the result of the gunshot residue test performed on the defendant, tested positive, and while the defendant claimed that victim # 1 had a motive to lie, there was no evidence indicating that either the eyewitness, who grew up with the defendant, or victim # 2 had a motive to lie.
Although we conclude that there is no reasonable possibility that the complained-of errors contributed to the defendant’s convictions or denied the defendant his right to a fair trial, we again find it necessary to admonish the prosecutor and remind all lawyers who practice in this state, that closing arguments must be confined to the evidence in the record or which can reasonably be inferred from the evidence. See Wilson v. State, 798 So.2d 836 (Fla. 3d DCA 2001). Additionally, closing arguments “must not be used to inflame the minds and passions of the jurors so that their verdict reflects an emotional response to the crime or the defendant rather than the logical analysis of the evidence in light of the applicable law.” Jackson v. State, 832 So.2d 773, 778 (Fla. 4th DCA 2002) (quoting Bertolotti v. State, 476 So.2d 130, 134 (Fla.1985)). As Judge Blue so aptly stated: “Trial attorneys must avoid improper argument if the system is to work properly. If attorneys do not recognize improper argument, they should not be in a courtroom. If trial attorneys recognize improper argument and persist in its use, they should not be members of The Florida Bar.” Luce v. State, 642 So.2d 4, 4 (Fla. 2d DCA 1994) (Blue, J., concurring specially).
Affirmed.