DAMOORGIAN, J.
Dexter Lavon Thompson appeals his convictions and sentences for attempted second-degree murder, aggravated battery with a deadly weapon, and robbery with a deadly weapon. For each count, the jury found that Thompson was in actual possession of a firearm, discharged the firearm, and wore a mask. Thompson raises two issues on appeal relating to (i) the impropriety of certain questions asked by the State during voir dire and (ii) the impropriety of the State’s closing arguments. We affirm.
First, Thompson argues that the trial court erred by denying his motion for mistrial based on the State’s questions during voir dire regarding the reliability of gunshot residue evidence. By way of background, defense counsel objected to the three questions posed on this topic and the trial court sustained the objection. Moreover, the trial court immediately gave a curative instruction to the jury, telling them to disregard the questions relating to gunshot residue. Defense counsel moved for a mistrial shortly thereafter, which the trial court denied. However, the trial court indicated that it would allow defense counsel to raise the issue again at the close of evidence. After a lengthy discussion with both sides about the matter, the trial court decided to provide an additional curative instruction to the selected jury immediately prior to opening statements. It instructed the jury panel that “what the lawyers say at all times in this case whether in jury selection, opening statement and argument is not evidence. The evidence will come from the testimony of witnesses and items which may be produced as evidence.” At the close of evidence, the trial court again denied Thompson’s motion for mistrial.
Thompson contends that a main focus at trial was whether he used an actual firearm or a “fake” gun. The defense argued that the lack of gunshot residue and other forensic evidence meant that the State had not met its burden of proving Thompson had a firearm during the commission of the crimes. Accordingly, Thompson submits that the State’s questions to prospective jurors on this topic were an attempt to undermine his defense, resulting in the jury finding that he actually possessed a firearm. The State responds that any improper questions during voir dire were cured by the trial court’s curative instructions.
We review the denial of a motion for mistrial under an abuse of discretion standard. Durrant v. State, 839 So.2d 821, 824 (Fla. 4th DCA 2003). “A motion for a mistrial should only be granted when an error is so prejudicial as to vitiate the entire trial.” Pagan v. State, 830 So.2d 792, 814 (Fla.2002) (citation omitted). “The purpose of voir dire is to ‘obtain a fair and impartial jury, whose minds are *324 free of all interest, bias, or prejudice,’ not to shock potential jurors or to obtain a preview of their opinions of the evidence.” Hoskins v. State, 965 So.2d 1, 13 (Fla.2007) (quoting Ferreiro v. State, 936 So.2d 1140, 1142 (Fla. 3d DCA 2006)). Here the trial court did not abuse its discretion in denying the motion for mistrial. Any prejudice that resulted from the State’s questioning during voir dire was cured by the trial court’s multiple curative instructions to the jury.
Next, Thompson argues that the State erred in closing by arguing facts unsupported by evidence at trial, by expressing its personal opinion that the victim was truthful, by insinuating that Thompson was a liar, by shifting the burden of proof to Thompson and by appealing to the community’s conscience. The State responds that these errors were not objected to at the time of trial and did not constitute fundamental error.
Because the State’s alleged improper arguments went unobjected to by the defense, reversal is proper only if the prosecutor’s statements constituted fundamental error. Evans v. State, 62 So.3d 1203, 1204 (Fla. 4th DCA 2011). Fundamental error in closing argument is “error that *reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’” Kilgore v. State, 688 So.2d 895, 898 (Fla. 1996) (quoting State v. Delva, 575 So.2d 643, 644-45 (Fla.1991)).
We note that the courts of this state allow attorneys wide latitude in arguing to a jury during closing argument. Breedlove v. State, 413 So.2d 1, 8 (Fla.1982). Logical inferences may be drawn from the evidence, and counsel is allowed to advance all legitimate arguments. Id. “The law requires a new trial only in those cases in which it is reasonably evident that the remarks may have influenced the jury to reach a more severe verdict of guilt than it would have otherwise done.” Thomas v. State, 748 So.2d 970, 984 (Fla.1999) (citation omitted).
We conclude that the statements Thompson points to as error because they allegedly argued facts not in evidence, improperly shifted the burden of proof, and appealed to the jury’s community conscience were not improper. See Walls v. State, 926 So.2d 1156, 1166 (Fla.2006) (“A prosecutor’s comments are not improper where they fall into the category of an ‘invited response’ by the preceding argument of defense counsel concerning the same subject.”); McKenzie v. State, 830 So.2d 234, 238 (Fla. 4th DCA 2002) (“[A] prosecutor’s comments [in closing argument] must be based on facts in evidence or fair inference from those facts.”). As such, we find no error with respect to those statements.
We agree that the comment vouching for the victim’s credibility and the singular comment insinuating Thompson was lying were improper. However, these two isolated comments did not amount to fundamental error. See, e.g., Montanye v. State, 976 So.2d 29, 31 (Fla. 5th DCA 2008) (holding that prosecutor’s comments that “Josh Montanye is lying. Josh Montanye is lying, and he is doing it to get you all to buy it” was an improper expression of the prosecutor’s personal opinion about the credibility of a witness, but did not rise to the level of fundamental error). Finally, Thompson’s claim of cumulative error in regard to closing argument likewise fails. See Roberts v. State, 840 So.2d 962, 972 (Fla.2002).

Affirmed.

MAY, C.J., and CONNER, J., concur.