STEVENSON, J.
Defendant, Wilson Pierre, Jr., appeals his conviction and sentence for aggravated assault with a firearm. During closing argument, the prosecutor argued that the victim, who testified at trial, recanted his prior identification of Defendant because he was “scared.” Because there was no evidence that the victim’s recantation was motivated by fear or that the victim had been threatened with reprisal by Defendant or someone acting on Defendant’s behalf, we reverse and remand for a new trial.
The victim, “BD,” testified that on August 1, 2006, he was standing outside of his home working on his car. He saw a car drive towards him and then heard gunshots. Prior to hearing gun shots, BD observed the car door open and saw about five people inside. BD testified that he could not see the occupants’ faces because they were covered up.
The State sought to question BD concerning a prior, out-of-court identification that he made to the investigating police officer. The State presented a photo lineup where BD circled and initialed Defendant’s picture as one of the shooters in the car. BD confirmed that he made this identification to the investigating officer. BD identified two other individuals as shooters as well. However, BD testified that he made the identifications only because the investigating officer told him that the individuals identified were, in fact, in the ear. Further, BD testified that, at the time he made the identifications, he did not care who he identified because he was mad and wanted someone to be punished. BD recanted the identifications pri- or to the beginning of trial. During trial, BD stated that he did not want to testify because he did not know who was in the car, but agreed to do so because he was threatened with jail.
In closing argument, the prosecutor commented that BD “knew that it was [Defendant]” who “did it.” The prosecutor pointed out that the victim’s “lack of memory” only came two months before trial and four years after the incident. The prosecutor reasoned that it was “obvious” that BD was “scared.” Defendant objected repeatedly on the ground that these facts were not in evidence. The prosecutor subsequently, and over Defendant’s objections, made the following closing arguments: that what the victim said on the stand was a lie based on the fact that everything he said prior to trial was different; that the victim’s story did not change until he was told that he would have to testify and look into the eyes of the guy who shot at him; and that this was a “clear cut case of a guy that is scared of what’s going to happen.” As his defense, Defendant argued the victim was not under oath at the time that he made the prior identification and, if the victim was scared of anyone, it was the police officer. Defendant also argued the victim acted in “haste” and out of “emotion” when he made the prior identification.
Defendant moved for a mistrial and for a new trial on the grounds that there was no evidence that the victim was scared and that the prosecutor made this argument a feature of the trial. The trial court denied the motions. A trial court’s control of prosecutorial closing comments is reviewed for an abuse of discretion. See Brown v. State, 718 So.2d 923, 925 (Fla. 5th DCA 1998). Further, denial of a motion for a mistrial, or motion for a new trial, is reviewed for an abuse of discretion. See Barnett v. State, 45 So.3d 963, 966 *356 (Fla. 3d DCA 2010) (motion for mistrial), review denied, 59 So.3d 107 (Fla.2011); Hubbard v. State, 912 So.2d 629, 632 (Fla. 1st DCA 2005) (motion for new trial). In order for the necessity of a new trial to arise, the improper prosecutorial comments must either: ‘“deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than that it would have otherwise.’ ” Linic v. State, 80 So.3d 382, 392 (Fla. 4th DCA 2012) (quoting Fenster v. State, 944 So.2d 477, 479 (Fla. 4th DCA 2006)). A mistrial is appropriate where the error was “ ‘so prejudicial as to vitiate the entire trial.’ ” Id. at 393 (quoting Wicklow v. State, 43 So.3d 85, 87 (Fla. 4th DCA 2010)).
During closing argument, the prosecutor must confine argument to evidence in the record and not make arguments which cannot be reasonably inferred from the evidence. See Watson v. State, 50 So.3d 685, 686 (Fla. 3d DCA 2010). The prosecutor’s statements were improper because there was no evidence that the victim recanted the prior identification out of fear. The statements implied that Defendant may have engaged in witness tampering or suborning perjury. See Henry v. State, 651 So.2d 1267, 1268 (Fla. 4th DCA 1995) (prosecutor’s closing argument that witness offered testimony at trial that differed from deposition testimony because someone “got to her” constituted reversible error because it suggested that the defendant engaged in witness tampering and suborning perjury). Such comments are “highly irregular, impermissible, and prejudicial.” Id. Further, because there was no evidence that the victim recanted the identification because he was afraid, the comments implied that the prosecutor had “unique knowledge” that was not presented to the jury. Tindal v. State, 803 So.2d 806, 810 (Fla. 4th DCA 2001).
In conclusion, BD was the only eye-witness and there was scant physical evidence. Under these circumstances, we must find that the complained-of improper prosecutorial comments were so prejudicial as to deprive Defendant of a fair and impartial trial. See Espute v. State, 85 So.3d 532, 535 (Fla. 4th DCA 2012) (noting that a motion for mistrial based on improper prosecutorial comments should be granted where the comments are “so prejudicial as to vitiate the entire trial”) (citing Bright v. State, — So.3d —, 2012 WL 224067 (Fla.2012)). Accordingly, we hold that the trial judge abused his discretion in denying Defendant’s motion for mistrial and motion for new trial. We need not reach the other issues raised in this appeal.

Reversed and remanded.

WARNER and GROSS, JJ., concur.