EMAS, J.
Charles Wellons (“Wellons”) appeals his convictions and sentences for two counts of first degree murder and one count of carrying a concealed firearm. Wellons asserts that improper comments made by the prosecutor during closing argument required the trial judge to grant his motion for mistrial. We affirm.

BACKGROUND

On October 20, 2004, Stephenson Eans and Antwan Manning were shot and killed while hanging out with friends in a neighborhood alley in Liberty City. One of those friends was Wellons, who gave a statement to police that Eans and Manning were shot by two unidentified black men who jumped out of a grey Ford LTD. Wellons told police he was selling drugs in the alley on the night in question, and that he had been robbed twice on the same corner during the previous year. In his statement to police, Wellons said that he did not argue with Eans and Manning, and he did not have a gun with him.
At trial, James Richardson testified that he was present on the night of the shooting, and that Wellons, Eans and Manning did get into an argument just prior to the shooting. According to Richardson, the three men argued over drug-selling territory and, as Richardson was leaving the area, he heard gunshots going off. He did not see a grey Ford LTD.
Another witness, Jesse Wooden, testified that he was also in the alley on the night of the shooting, and saw the three men arguing. As Wooden walked away from the scene he heard a gunshot, and then ran and hid by a car, where he saw “pieces” of Wellons shooting Eans and Manning. After the shots stopped, Wooden went back to the alley where Eans and Manning, having been shot, were lying on the ground. According to Wooden, Manning uttered, “Man, Bailie, man, Bailie”.[1] Wooden did not see a grey LTD, or any car, drive by during this time period.
A woman who lived in a house near the alley also testified that she heard young men arguing that night, heard gunshots within moments of the arguing, and never heard a car pass by.
The firearm used in the shooting was never recovered, and no direct physical evidence linked Wellons to the shooting. The prosecutor made the following statements during closing argument:
Prosecutor: And, you know, perhaps the CD player and those milk crates and doughnut aren’t as meaningful as the shoes or the bullet-holed clothing, but the victims’ actual clothing and his blood and Antwan’s blood and Stephenson’s blood, they’re real, and they’re in evidence now. And there’s something very profound about that that we have to take into consideration. And one of the things that has to be done is that, we need to remember that these were young lives that were—
Defense counsel: Objection, your honor.
The Court: Sustained.
Prosecutor: And during that time, that was when Mr. Wellons was so bored that he took a nice long yawn. See, it didn’t bother him.
Defense counsel: Objection, your honor.
The Court: Sustained.
*1225 Defense Counsel: Can I have a motion your honor?
The Court: Reserved.
The defense did not request a curative instruction. After closing arguments were completed and the jury received its final instructions, defense counsel moved for a mistrial based on the statement made by the prosecutor during closing. The court indicated its belief that the prosecutor’s comment on the defendant’s demeanor during trial was not improper, and the prosecutor agreed. The court reserved ruling on the motion for mistrial pending the jury’s verdict. The jury returned a verdict of guilty on all three charges, and the court denied the defense motion for mistrial.

ANALYSIS

It is well established in Florida that “a motion for mistrial should only be granted when an error is so prejudicial as to vitiate the entire trial.” Salazar v. State, 991 So.2d 364, 372 (Fla.2008) (quoting England v. State, 940 So.2d 389, 401-02 (Fla.2006)). As the supreme court has explained:
In order for the prosecutor’s comments to merit a new trial, the comments must either deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than that it would have otherwise.
Spencer v. State, 645 So.2d 377, 383 (Fla.1994).
A ruling on a motion for mistrial is within the sound discretion of the trial court, and we review the denial of that motion under a standard of abuse of discretion. Salazar, 991 So.2d at 372.
Having reviewed the record, including the forty-one transcript pages of the State’s closing argument, we conclude that the trial court did not abuse its discretion in denying the motion for mistrial. The isolated comment made by the prosecutor during closing, while certainly improper [2], was, in this case, harmless error. Compare Rodriguez, 609 So.2d at 501; Williams, 550 So.2d at 29; with Baldez, 679 So.2d at 827. Accordingly, we affirm.
Affirmed.

. Bailie is Wellons’ nickname.

. See Rodriguez v. State, 609 So.2d 493, 501 (Fla.1992) (declaring "the defendant’s demeanor off the witness stand is not a proper subject for argument and in some cases may be unduly prejudicial.”). Accord Pope v. Wainwright, 496 So.2d 798 (Fla.1986); Williams v. State, 550 So.2d 28 (Fla. 3d DCA 1989); Baldez v. State, 679 So.2d 825 (Fla. 4th DCA 1996).