DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICARDO BENSON NARCISSE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-2026

[June 24, 2015]

CORRECTED OPINION

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller and Richard Oftedal, Judges; L.T. Case No. 2012CF002996AMB.[1]

Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, C.J.

Appellant, Ricardo Narcisse, appeals his judgment of guilt and sentence for one count of attempted robbery with a firearm. Appellant argues that his conviction should be reversed because the prosecutor made inappropriate comments during closing arguments. We agree and remand for a new trial.

Appellant was charged with one count of robbery with a firearm and one count of attempted robbery with a firearm after he allegedly pulled a gun on two men, fired a shot into the ground, and demanded they turn over their valuables. With the state's concession, the court acquitted Appellant of the armed robbery charge after one of the victims refused to

---

[1] Judge Karen Miller presided over the trial in this case, and Judge Richard Oftedal entered the judgment and sentence.

participate in the investigation.  However, the remaining victim agreed to cooperate and the state proceeded on the attempted robbery with a firearm count.

At Appellant's trial, the state introduced evidence establishing that a gun recovered from Appellant's residence[2] matched the gun used in the crime and that the cooperating victim identified Appellant as his attacker from a photo line-up.  With respect to the photo line-up, the administrating officer testified that victim identified Appellant as the perpetrator without any hesitation or qualification.  However, when the state asked the victim to confirm this identification on the stand, the victim only admitted that he identified a "person [who] looked similar" to his attacker and testified that he told the police that he "couldn't say one hundred percent that was the person."  The state then asked the victim if he could identify his attacker in the courtroom, to which the victim responded that he could not.

During its closing, the state acknowledged that the victim did not identify Appellant as his attacker at trial, but argued:

> [T]hat is not fatal to my case.  And why is it not fatal?  Because when his memory was fresh, he was shown this picture.  And look at the pictures.  When you go back there, I want you to look at all of these pictures and look how closely everyone resembles.  And he picks him out.  But you know what was funny when [the victim] was on the stand?  You know, I shouldn't use the term funny, it was sad.  Because when I asked him if he could identify anybody, did you see his eyes?  They were darting everywhere, and he would look at [Appellant] and then go back to darting around.  I would argue to you that [the victim] was scared.

Appellant objected to the above statement on the grounds of "facts not in evidence" and the court responded: "the Jury is going to rely on their collective recollection as to the demeanor of the witness."  The state continued, again implying that the victim failed to identify Appellant out of fear.  The jury returned its verdict finding Appellant guilty as charged of attempt to commit robbery with a firearm.  This appeal follows.

The issue before us is the propriety of the state's closing comments concerning the victim's failure to identify Appellant at trial.  Appellant argues that the comments constituted impermissible prosecutorial

---

[2]  The gun was found in the common area of a shared residence and investigators did not find any physical evidence on the gun directly tying it to Appellant.

comment on a witness' credibility and were so harmful that they necessitate a new trial. The State counters that the prosecutor's comments did nothing more than draw inferences based on the evidence and, thus, were permissible.

"A trial court's control of prosecutorial closing comments is reviewed for an abuse of discretion." *Pierre v. State*, 88 So. 3d 354, 355 (Fla. 4th DCA 2012). It is well settled that attorneys are afforded "wide latitude in arguing to a jury during closing argument." *Thompson v. State*, 88 So. 3d 322, 324 (Fla. 4th DCA 2012). However, "the prosecutor must confine argument to evidence in the record and not make arguments which cannot be reasonably inferred from the evidence." *Pierre*, 88 So. 3d at 356. Thus, comments regarding a victim's recantation of a previous identification on the grounds of fear of the defendant are improper unless there is evidence establishing that the "victim's recantation was motivated by fear or that the victim had been threatened with reprisal by Defendant or someone acting on Defendant's behalf." *Id.* at 355.

Our holding in *Pierre* is dispositive. There, the victim of an aggravated assault with a firearm recanted his out-of-court photo line-up identification of the defendant, testifying that he only made the identification in the first place because "he was mad and wanted someone to be punished." 88 So. 3d at 355. During closing, the prosecutor pointed out that the recantation took place four years after the incident and reasoned that it was because the victim was "scared." *Id.* The defense objected on the grounds that "these facts were not in evidence" but the court allowed the prosecutor to proceed. *Id.* On appeal, we held that:

> The prosecutor's statements were improper because there was no evidence that the victim recanted the prior identification out of fear. The statements implied that Defendant may have engaged in witness tampering or suborning perjury. Such comments are 'highly irregular, impermissible, and prejudicial.' Further, because there was no evidence that the victim recanted the identification because he was afraid, the comments implied that the prosecutor had 'unique knowledge' that was not presented to the jury.

*Id.* at 356 (citations omitted). We further held that because the victim was "the only eye-witness and there was scant physical evidence," the "improper prosecutorial comments were so prejudicial as to deprive Defendant of a fair and impartial trial." *Id.*

The facts here are virtually indistinguishable from *Pierre.* In both cases, the victims of a crime involving a firearm initially identified the defendants in a photo line-up but retreated from their initial identifications and refused to identify the defendants at trial. Likewise, in both cases, the prosecutor argued that the victims recanted because they were "scared" although there was no direct evidence establishing the victims' fear. Further, just like in *Pierre* where the victim "was the only eye-witness and there was scant physical evidence," aside from the gun (which was not conclusively linked to Appellant), the state's only evidence tying Appellant to the crime was the victim's initial identification of Appellant from the photo line-up. *Id.* Accordingly, under the authority of *Pierre,* the prosecutor's comments in this case were improper and so prejudicial as to necessitate a new trial.

*Reversed and remanded for a new trial.*

TAYLOR and MAY, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

4