DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTOINE ROBINSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1679

[August 26, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. 11015902CF10A.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Antoine Robinson ("Defendant") appeals his conviction and sentence for robbery with a firearm. Although Defendant presents several issues on appeal, we confine our opinion to the following issue: whether the trial court erred in overruling Defendant's objection to a detective's testimony at trial regarding the termination of an interview with Defendant. We find no error in overruling Defendant's objection, and we affirm on all other issues raised.

At trial, the State played a recording of Defendant's initial interview with the investigating detective. The end of the recording was redacted because Defendant invoked his right to silence. After the recording was played, the State asked the detective on direct examination:

> Q: You now, I know we touched upon this before, but we heard it in the tape. [Defendant], as he was – as you were going through the rights waiver form and acknowledging everything,

he also confirms his ability to leave or stop the interview at any time?

A: That's correct

Q: And of course you – if he was providing any pertinent information or continuing to provide you any pertinent information, you wouldn't have terminated the interview, would you?

A: Correct.

Thereafter Defendant made the following objection:

But what you said, he is essentially leaving it hanging there that – putting information that's being on – that pertinent information is being obtained and because pertinent information isn't being obtained, he cut the interview off, or the detectives cut it off because they felt as though they weren't getting any further pertinent information. I mean, it's – the jury doesn't know that. So I think that I have to bring out in my cross examination to get out from this witness that [Defendant] is the one that invoked his right to silence.

The objection was whether this question improperly insinuated that pertinent information initially was being obtained, and once Defendant stopped sharing information, the detective ended the interview. The trial court overruled the objection.

During closing argument, defense counsel addressed the fact that Defendant terminated the interview. Defendant claims he was forced to address this issue in closing to mitigate the situation created when the court overruled the prior objection. In closing, defense counsel also advised the jury that there was nothing wrong with Defendant's termination of the interview, and that he should not be criticized for exercising his rights. In response, the State asked the jury in its closing to consider the fact that Defendant decided to terminate the interview only when the detectives told him they had him on the surveillance video.

Defendant attempts to frame the issue on appeal as whether the State improperly commented on Defendant's invocation of his Fifth Amendment rights. This was not the objection made by counsel at trial, and so this issue was not preserved for appeal. Even if it had been preserved, we do

not believe that the question posed by the State was fairly susceptible to being construed as a comment on Defendant's decision to remain silent, and the defense's objection properly was overruled. *See State v. Hoggins*, 718 So. 2d 761, 769 (Fla. 1998) (if a comment made by a prosecutor "is fairly susceptible of being construed by the jury as a comment on the defendant's exercise of his or her right to remain silent, it violates the defendant's right to silence"); *see also State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986) ("In Florida, we have adopted a very liberal rule for determining whether a comment constitutes a comment on silence: any comment which is 'fairly susceptible' of being interpreted as a comment on silence will be treated as such." (quoting *State v. Kinchen*, 490 So. 2d 21, 22 (Fla. 1985))).

Further, in asking the question the State insinuated (albeit wrongly) that the detective -- not Defendant -- ended the interview. In the context of this case, although the question was misleading, the issue of who ended the interview was irrelevant to any material issue.

As to Defendant's other issues involving the State's use of allegedly improper evidence at trial and improper arguments during closing, no objections to such comments and evidence were made, nor do they rise to the level of fundamental error requiring reversal of Defendant's conviction. *See Thompson v. State*, 88 So. 3d 322, 324 (Fla. 4th DCA 2012) (holding that when allegedly improper prosecutorial comments are "unobjected to by the defense, reversal is proper only if the prosecutor's statements constituted fundamental error").

*Affirmed.*

WARNER and MAY, JJ., concur.

*             *             *

***Not final until disposition of timely filed motion for rehearing.***