# Third District Court of Appeal

## State of Florida

Opinion filed May 9, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1864
Lower Tribunal No. 12-11242
_____

**Marquis Lammons,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rodolfo Ruiz, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.

Before EMAS, FERNANDEZ and LUCK, JJ.

PER CURIAM.

Marquis Lammons appeals his conviction and sentence for armed manslaughter, raising one issue. Lammons contends his conviction must be

reversed because the state denigrated the defense during the rebuttal closing argument.

Lammons, after his arrest, gave a video-recorded statement where he confessed to killing the victim. His able counsel spent a good deal of his closing argument attacking the interrogation techniques law enforcement used to get the confession, and argued to the jury that the confession was coerced. In response, the state argued in its rebuttal closing:

> I said the defense counsel talks about words. He tells you what a good cop would say; he tells you what the state attorney's going to say. And he uses words to make you have doubt. He says, "chained to a chair," instead of handcuffed. He says, scheming to get a confession," Instead of either of them doing their jobs, "storms out of the room," instead of "I picked up my things and walked out." It's good lawyering. It's a tactic.

Lammons objected to the trial court, and argues on appeal, that calling defense counsel's attack on the voluntariness of the confession a "tactic" improperly denigrated the defense. We tend to agree that suggesting counsel's defense theory was a good lawyering tactic was improper. See Cardona v. State, 185 So. 3d 514, 523-24 (Fla. 2016) (accusing defense of using "diversionary tactics" was an improper denigration of defense counsel); Mercury Ins. Co. of Fla. v. Moreta, 957 So. 2d 1242, 1251 (Fla. 2d DCA 2007) (concluding that "opposing counsel's criticism of Mercury's alleged litigation tactics and practices was not based on matters in evidence"); Harris v. State, 414 So. 2d 557 (Fla. 3d DCA 1982)

2

(reversing conviction and ordering new trial based on four instances of prosecutor misconduct, including reference to victim's tearful breakdown as "due to tactics of defense counsel"); see also Chase v. Berbary, 404 F. Supp. 2d 457, 467 (W.D.N.Y. 2005) (finding improper prosecutor's closing argument that "[t]here are typical defense tactics and [defense counsel] employed them all," although concluding on habeas review that the comments did not deprive the defendant of a fair trial); People v. Manier, 197 P.3d 254, 258 (Colo. App. 2008) (finding improper denigration prosecutor's comment regarding "common defense attorney tactic[s]," although concluding the unpreserved error was not plain); People v. Adams, 511 N.Y.S.2d 548 (N.Y. App. Div. 1987) ("We disapprove of several of the remarks made by the prosecutor during his summation which tended to denigrate the defense counsel's trial tactics."); State v. Clemons, 696 N.E.2d 1009, 1023 (Ohio 1998) (finding improper denigration when the prosecutor commented, "You remember the evidence you heard and I suspect I will be continually interrupted throughout this closing argument. It's kind of a tactic defense attorneys are taught," but concluding it was harmless).

We conclude beyond a reasonable doubt, however, that any error was harmless in that it did not contribute to the verdict. See Evans v. State, 177 So. 3d 1219, 1234 (Fla. 2015) ("For those closing arguments where the defense objected to improper comments and the trial court erroneously overruled defense counsel's

3

objection, we apply a harmless error test."). We find the comment did not contribute to the verdict, first, because it was isolated and made up only a small part of the closing argument. The state did not repeat the "tactic" comment before or after the objection, and did not make it a theme or feature of its rebuttal close. The remark was one word in forty-three pages of the state's closing argument. See Bailey v. State, 199 So. 3d 304, 306 (Fla. 3d DCA 2016) ("While we find this comment by the prosecutor to be improper and unnecessary 'typification' of the defendant, we find that it does not rise to the level of reversible error for several reasons. . . . [T]he improper comment constituted an isolated occurrence during the course of the entire final argument." (citations omitted)); Wellons v. State, 87 So. 3d 1223, 1225 (Fla. 3d DCA 2012) ("Having reviewed the record, including the forty-one transcript pages of the State's closing argument, we conclude that the trial court did not abuse its discretion in denying the motion for mistrial. The isolated comment made by the prosecutor during closing, while certainly improper, was, in this case, harmless error." (footnote omitted)).

Second, while the comment was directed at defense counsel's attack on the voluntariness of the video-recorded confession taken at the police department, there was a second, earlier confession the defendant made at the time of his arrest. The "tactic" comment did not impact the second confession and the other overwhelming evidence in the case. See Lugo v. State, 845 So. 2d 74, 107 (Fla.

2003) ("A seasoned prosecutor involved in a capital case knows better than to make an improper 'Golden Rule' argument. However, because this incident was isolated, and an overwhelming amount of unrebutted evidence exists against Lugo, we determine that the error is, on this record, harmless in nature and therefore deny relief."); Williams v. State, 10 So. 3d 218, 218 (Fla. 3d DCA 2009) ("The issue in this case is whether the trial court abused its discretion by overruling defense counsel's objections to statements made during the State's closing argument and denying the defendant's motions for mistrial following these statements. While we find that the statements were improper, we affirm the defendant's convictions because, based on the overwhelming evidence of guilt, the error was harmless.").[1]

Third, the jury was properly instructed that it was not to consider the attorneys' statements as evidence. At the beginning of the case, the trial court told the jury that "[w]hat the lawyers say is not evidence, and you should not consider it as such." And, again, just before the closing arguments, the trial court reminded the jurors "that what the attorneys say is not evidence, and it is not your instruction on the law." See Zack v. State, 911 So. 2d 1190, 1209 (Fla. 2005) ("Even if the

---

[1] We understand that the harmless error test "is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test." Ventura v. State, 29 So. 3d 1086, 1089 (Fla. 2010) (quotation omitted; emphasis in original). We cite the second confession and other evidence only as one factor in our conclusion that there was no reasonable possibility the "tactic" comment contributed to the verdict.

admission of this evidence was error, it was harmless. The prosecutor did not argue Zack's alleged hatred of women in closing argument. Additionally, the trial court properly instructed the jurors as to the aggravating factors they could consider. Thus, even if Dr. McClaren's testimony was improperly admitted, any error would be harmless beyond a reasonable doubt." (citation omitted)); Almeida v. State, 748 So. 2d 922, 927 (Fla. 1999) (finding closing argument error harmless, in part, because the trial court instructed the jury that "what the lawyers say is neither evidence nor law").

Finally, the jury was not swayed by the state's comment given its lesser-included offense verdict. Lammons was charged with, and the state argued that he should be convicted of, second-degree murder, but the jury came back with the lesser-included offense of manslaughter. See St. Louis v. State, 985 So. 2d 16, 17-18 (Fla. 4th DCA 2008) ("In affirming, our court necessarily rejected the contention that the closing argument comments evoking an appeal to sympathy were so damaging as to deprive the defendant of a fundamentally fair trial. There was copious evidence of the defendant's guilt, and the jury actually convicted him on a lesser offense than the second-degree murder with which he was charged. We conclude that any error was harmless beyond a reasonable doubt.").

We are convinced beyond a reasonable doubt the "tactic" comment did not contribute to the jury's verdict.  For that reason, we affirm Lammons' conviction and sentence.

Affirmed.