DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEROME THURSTON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1191

[October 28, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Judge; L.T. Case No. 18003824CF10A.

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, C.J.

Appellant appeals his convictions for burglary of a dwelling, aggravated battery, and aggravated assault, raising several issues on appeal. We affirm on all issues and write only to address two issues. Appellant claims that the trial court erred in admitting an out-of-court statement that identified appellant by his given name. Appellant claims that this statement is hearsay. We disagree. We find the trial court properly admitted the statements as they were not hearsay because they were not both inculpatory and further not introduced for the truth of the matter asserted. Appellant also argues the trial court erred in denying a motion for mistrial and new trial based on statements the prosecutor made during a recess. While the prosecutor's statements were unprofessional and inappropriate, they are not a basis for reversal.

On the evening of March 15, 2018, the victim was asleep on the couch when he awoke to an intruder pulling on his pants. The intruder struck the victim in the face with a firearm. The intruder then stood over the victim so that they were face-to-face for at least sixty seconds. The victim locked eyes with the intruder and got a good look at him. The intruder

wore a gray hoodie tied around his face with a black "skully" cap, black gloves, and dark colored jeans and was about 6'4" or 6'5" and 240 to 250 pounds. The victim kicked and fought the intruder.

The victim's father, who was in another room, heard the commotion and peeked around the corner. The father saw the intruder. The intruder fired shots at the victim and his father, striking the victim twice.

Earlier on the same day of the criminal offense, the victim had seen that same intruder at a local market with a man called "Muff." When the intruder entered the victim's home, he was wearing the same clothes the victim had seen him in earlier that day. The day after the crime, the victim went to Muff and asked him for the name of the person he had been talking to at the market the previous day. At trial, over objections based on Confrontation Clause and hearsay, the victim testified that Muff told him appellant's name, Jerome Thurston. The victim then called the detectives and gave them appellant's name. Muff did not testify at trial.

The victim identified appellant in a photo lineup with "a hundred percent" certainty based on appellant's eyes. The victim also identified appellant in a surveillance video and in court.

After a brief recess following the defense's cross-examination of the victim, defense counsel advised the court that the defense's intern heard the prosecutor make an improper comment. The intern then testified that she overheard the prosecutor say, in appellant's presence, that "the defense needs to go back to law school because literally impeaching a witness was first year 101. Sorry that I know the law." Appellant did not testify whether he heard the statement. Defense counsel moved for a mistrial. The trial court found the comment "[a] hundred percent unprofessional," but denied the motion for mistrial because the jury had not heard it. The court cautioned the parties not to make statements about opposing counsel.

The jury found appellant guilty as charged. Following the verdict, defense counsel moved for a new trial on several grounds, including the prosecutor's disparagement of defense counsel. The trial court denied the motion. This appeal follows.

Appellant argues that the trial court erred in admitting testimony, over hearsay and Confrontation Clause objections, from the victim that Muff identified appellant by first and last name.

2

A trial court's decision on the admissibility of evidence is reviewed for an abuse of discretion, as limited by the rules of evidence. *Helms v. State*, 271 So. 3d 1030, 1033 (Fla. 4th DCA 2019). "However, whether evidence falls under the statutory definition of hearsay or is admissible under an exception to the hearsay rule are questions of law reviewed de novo." *Id.* A trial court's admission of evidence over a Confrontation Clause objection is also reviewed de novo. *McWatters v. State*, 36 So. 3d 613, 637 (Fla. 2010).

The trial court properly admitted the testimony because it did not fall within the definition of hearsay. *See* § 90.801(1)(c), Fla. Stat. (2018) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). The statement was not hearsay because it was not offered to prove that Muff identified appellant by name. Rather, it was offered to show how the victim learned the name of the person he had seen with Muff the previous day at the market—the very same person whom the victim identified as the assailant from later that same day. Because the victim then passed this name on to the police, it also showed how the police came to learn appellant's name. A statement is not hearsay if it is not offered to show the truth of the statement. *See Jackson v. State*, 25 So. 3d 518, 530 (Fla. 2009) (finding witness's testimony that he went to the police because defendant had threatened to kill him was not hearsay because it was not offered for the truth of the matter asserted). Clearly, in this case, the statement was offered to show how the victim came to learn the name of appellant, and how it came to be relayed to the police.

Appellant relies on cases that are distinguishable because they involve circumstances where a hearsay statement actually implicated the defendant in the charged crimes. *See, e.g., Walker v. State*, 77 So. 3d 890, 894 (Fla. 2d DCA 2012) (reversing where victim testified that he received "information from the streets" about who potentially committed the crimes); *Saintilus v. State*, 869 So. 2d 1280, 1282 (Fla. 4th DCA 2004) (reversing where officer testified that "unnamed witnesses had identified someone named Tutu as being involved in the robbery," and "[a]nother detective sought to establish that Tutu was in fact the defendant, based on information he received from still other police officers").

In this case, Muff did not make any accusatory statements about appellant. Muff's statement did not implicate appellant in any crime since the victim simply asked Muff who had been with him at the market. Muff did not identify appellant as the perpetrator of the crimes; rather, Muff simply identified appellant as the person who had been with him earlier that day. Appellant being with Muff at the market was not a crime. Thus,

3

no non-testifying declarant furnished evidence of appellant's guilt. *Cf. State v. Baird*, 572 So. 2d 904, 905 (Fla. 1990) (finding inadmissible as hearsay a police officer's testimony, during a racketeering trial, that he had received information that the defendant "was a major gambler and operating a major gambling operation"). Unlike in *Baird*, here there was no out-of-court accusatory statement that appellant engaged in any criminal activity.

Finally, there was no Confrontation Clause violation because the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004). Since the statement by Muff to the victim was not offered for the truth of the matter asserted, it would not be violative of the Confrontation Clause.

Appellant also contends that the trial court erred in denying his motions for mistrial and new trial based on the prosecutor's statements during the recess that "the defense needs to go back to law school because literally impeaching a witness was first year 101. Sorry that I know the law."

A trial court's "denial of a motion for a mistrial, or motion for a new trial, is reviewed for an abuse of discretion." *Pierre v. State*, 88 So. 3d 354, 355 (Fla. 4th DCA 2012).

In order to grant a new trial, improper prosecutorial comments must "deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than that it would have otherwise." *Id.* at 356 (citation omitted). A mistrial is appropriate where the error is "so prejudicial as to vitiate the entire trial." *Id.* (citation omitted). "[T]he power to declare a mistrial and discharge the jury should be exercised with great care and caution and should be done only in cases of absolute necessity." *Salvatore v. State*, 366 So. 2d 745, 750 (Fla. 1978).

In the instant case, the trial court did not abuse its discretion in denying the motions for mistrial and new trial. The comment, although unprofessional, was not made in front of the jury. Thus, it cannot be said that the comment deprived appellant of a fair trial, materially contributed to his conviction, was so harmful as to require a new trial, or was so inflammatory as to influence the jury. *See Pierre*, 88 So. 3d at 356. Further, since appellant did not testify, we cannot say if the prosecutor's statement was heard by appellant or had any effect on the trial at all.

Although no reversible error occurred, comments that disparage the integrity of counsel are improper and highly inappropriate. We remind and caution all attorneys that they are held to a standard of conduct and have an obligation to uphold the integrity of the justice system.

In conclusion, we find no abuse of discretion in admitting non-hearsay, out-of-court statements and in denying the motions for mistrial and new trial.

*Affirmed.*

CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***