DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WISBEN SANON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-713

[April 12, 2023]

Appeal from the Circuit Court of the Nineteenth Judicial Circuit, St. Lucie County; Lawrence M. Mirman, Judge; L.T. Case No. 562017CF001914.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Wisben Sanon appeals his conviction for several sexual assault crimes, raising two arguments on appeal. First, Sanon argues his conviction by a six-person jury violated his rights under the Sixth Amendment to the United States Constitution. We have recently addressed this issue and affirm without discussion. *See Guzman v. State*, 350 So. 3d 72 (Fla. 4th DCA 2022).

Second, Sanon contends the State made improper rebuttal closing argument when it showed the jury a placard with the reasonable doubt instruction juxtaposed with the phrase "motive plus opportunity is not reasonable doubt." The State explained this was a reference to Sanon's defense that he had been framed for the charged crimes and the jury should find reasonable doubt attributable to the accusers' motive and opportunity to plant damaging evidence.

We review a trial court's control of prosecutorial closing comments for abuse of discretion. *Narcisse v. State*, 166 So. 3d 954, 956 (Fla. 4th DCA 2015). In exercising that discretion, trial courts will properly permit the

parties "wide latitude in closing argument to a jury." *Stephens v. State*, 975 So. 2d 405, 421 (Fla. 2007).

As a response to Sanon's primary defense, the State's rebuttal closing argument was well within that latitude. *See State v. Compo*, 651 So. 2d 127, 130 (Fla. 2d DCA 1995) ("Fundamental notions of fairness require[] that the state be allowed to comment on . . . issues raised by the defendant."). Moreover, the State informed the jury that the objected-to statement "is obviously not part of the instruction [on reasonable doubt]."

Upon further defense objection, the trial court clarified that the prosecution was merely emphasizing what was and what was not in the agreed-upon reasonable doubt jury instruction, with the court informing the jury "what is and what isn't reasonable doubt, ladies and gentlemen, will ultimately be for you to decide." The trial court's comments, on top of the State's explanation, "remov[ed] any question of an improper taint on the jury's understanding of the burden of proof." *Thomas v. State*, 726 So. 2d 369, 372 (Fla. 4th DCA 1999). We accordingly find no error.

*Affirmed.*

GROSS and CONNER, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***