# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**DEANDRE SHAWN BURGESS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2029

[July 9, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 502023CF003936AXXX.

Daniel Eisinger, Public Defender, and Siobhan Helene Shea, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Pablo Tapia, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Deandre Shawn Burgess, appellant, appeals his conviction for first-degree murder with a firearm. Appellant raises four issues, alleging that the trial court erred in (1) overruling appellant's objections to arguments in closing, (2) denying a *Daubert* hearing on testimony regarding firearms and ballistic testimony, (3) foreclosing cross-examination regarding cocaine found near the victim, and (4) not modifying standard jury instructions. Regarding all issues raised by appellant, we find that the trial court did not err and thus, we affirm. We write to discuss only the first issue and affirm the remaining issues without further comment.

The victim was shot and killed at a gas station. The state alleged that surveillance footage from the gas station, which was played for the jury, would show that appellant was dropped off at the gas station in a gray Hyundai Sonata wearing a black t-shirt, khaki shorts, and black and white sneakers. In the surveillance video, appellant was seen talking on a flip phone. Later in the video, a man wearing a black t-shirt, khaki shorts, black and white sneakers, and a "ski mask" over his face fired multiple

rounds into the victim.

The police eventually seized a gray Hyundai Sonata (the "vehicle") which they believed to be associated with the shooting. The state presented evidence that appellant's fingerprints were found on the outside of the vehicle. A flip phone was recovered from inside the vehicle. The state presented expert testimony concluding that there was "very strong support" that appellant contributed to DNA found on the flip phone. The same expert also concluded that there was "very strong support" that appellant contributed to DNA on the grip, frame, slide, trigger, and trigger guard of a firearm which was recovered from the area when appellant was apprehended by police. The state presented expert testimony of a forensic scientist from the firearms unit who opined that the projectiles and casings collected by the police in this case were fired from the firearm with appellant's DNA.

Appellant testified that he did not kill the victim and denied having any connection with the victim. Appellant said that, on the night in question, he was fishing off Flagler Drive with his cousin Bobo. Appellant said that Bobo passed away before this trial. Appellant testified that he had been to that gas station before, but he was not there on the night in question. However, appellant admitted that he had similar features to the suspect in the surveillance footage but stated that it was not him.

Appellant testified he had ridden in the vehicle before because he was friends with the driver. Appellant said that the driver owned a flip phone to control her Bluetooth in the car and play music. Appellant believed he had handled the flip phone before. Appellant said the recovered firearm was not his gun, and that he had never handled, held, or used that gun.

Appellant was found guilty as charged in the indictment. This appeal follows.

Appellant argues that the trial court erred in overruling his objections to the state's closing argument. "A trial court's control of prosecutorial closing comments is reviewed for an abuse of discretion." *Pierre v. State*, 88 So. 3d 354, 355 (Fla. 4th DCA 2012).

Generally speaking, "[i]t is well settled that attorneys are afforded 'wide latitude in arguing to a jury during closing argument.'" *Narcisse v. State*, 166 So. 3d 954, 956 (Fla. 4th DCA 2015) (citation omitted). Still "a prosecutor's comments must be based on facts in evidence or fair inference from those facts." *McKenzie v. State*, 830 So. 2d 234, 238 (Fla. 4th DCA 2002). Nevertheless, "[l]ogical inferences may be drawn from the evidence,

and counsel is allowed to advance all legitimate arguments." *Thompson v. State*, 88 So. 3d 322, 324 (Fla. 4th DCA 2012).

Appellant points to four statements made by the state during closing argument as being objectionable. The first statement related to the flip phone found in the vehicle:

> [STATE]: Now, this car was seized and taken back to Riviera Beach for processing. And inside of this car there were items that were located. Again, not ironic and not by chance there was a flip phone, a flip phone that [appellant], the defendant, wants you to believe this flip phone, which in 2024 is a rather unique phone, and it is a stretch to say that this dated analogue phone was digitally capable of controlling a blue tooth.
>
> [DEFENSE COUNSEL]: Object to facts not in evidence.
>
> THE COURT: Overruled.

Appellant argues that this statement made by the state, that the "flip phone" was incapable of having "Bluetooth" capabilities, was not based on facts in evidence. This argument made by the state was not proven at trial. The state even concedes such: "[I]t is true that the flip phone's capabilities were never proven at trial." Thus, the trial court erred when overruling appellant's objection to "facts not in evidence."

Since the admission was in error, we apply the harmless error test to "those closing arguments where the defense objected to improper comments and the trial court erroneously overruled defense counsel's objection." *Evans v. State*, 177 So. 3d 1219, 1234 (Fla. 2015), *receded from on other grounds by Johnson v. State*, 252 So. 3d 1114, 1117-18 (Fla. 2018). A comment is harmless error when it is not repeated, mentioned only once, and not made "a theme or feature" of closing. *Lammons v. State*, 246 So. 3d 524, 526 (Fla. 3d DCA 2018). Thus, an "isolated comment" made during closing, though improper, can still be considered harmless error. *Wellons v. State*, 87 So. 3d 1223, 1225 (Fla. 3d DCA 2012).

The alleged lack of Bluetooth capabilities in a flip phone was mentioned only once by the state during its entire closing argument. We find that this comment about the capabilities of Bluetooth on a flip phone was harmless error. *Id.* (finding an improper comment harmless where "[h]aving reviewed the record, including the forty-one transcript pages of the State's closing argument, we conclude that the trial court did not

3

abuse its discretion in denying the motion for mistrial. The isolated comment made by the prosecutor during closing, while certainly improper, was, in this case, harmless error.") (footnote omitted). This comment was not made a feature of the trial, and was isolated, and thus was harmless error.

Appellant also challenges the statement that he "was the person who was identified as the shooter by his fingerprints as well as his DNA." Appellant objected to this statement as being facts not in evidence. However, a prosecutor may "present[] evidence to the jury and suggest[] what conclusions can be drawn from that evidence." *Valentine v. State*, 98 So. 3d 44, 56 (Fla. 2012). Closing argument is the time "to review the evidence and to explicate those inferences which may reasonably be drawn from the evidence." *Bertolotti v. State*, 476 So. 2d 130, 134 (Fla. 1985). "Merely arguing a conclusion that can be drawn from the evidence is permissible fair comment." *Griffin v. State*, 866 So. 2d 1, 16 (Fla. 2003).

In this case, the forensic examiner testified that there was "very strong support" for appellant's DNA being on the firearm and flip phone. Additionally, appellant's fingerprints were located on the vehicle. Thus, the prosecutor was "[m]erely arguing a conclusion that can be drawn from the evidence." *Id.*; *see also Lubin v. State*, 963 So. 2d 822, 823-24 (Fla. 4th DCA 2007) (finding the prosecutor's comment during closing, "Did you have one bit of evidence, did one person or one piece of evidence come in and tell you that he left his palm print on that van another day? . . . . Did you hear one bit of evidence? Not one.", was not improper because it was "a fair comment on uncontroverted evidence that Lubin's fingerprints were impressed on Diaczok's van during the incident at issue"). Since the prosecutor's argument was a fair comment on the evidence, the trial court did not err.

Appellant also argues that the trial court improperly overruled his objection to the following statement made by the state in rebuttal:

> [STATE]: There was pointing out regarding some other fingerprints in the case, you heard from both [appellant] and detective in the case this was a rental car, recently rented, of course there's other fingerprints on there. Not one of those guys were developed as a suspect in this case. Those names came from a database, unrelated to this vision [sic]. They also weren't seen on video shooting ten times into [the victim].
>
> [DEFENSE COUNSEL]: Object to the facts not in evidence.

4

THE COURT: Overruled.

Just like the prior statement, this was also a fair interpretation of the evidence made by the prosecutor. The state presented testimony that five other individuals' prints were identified on the vehicle.[1] However, there was no other evidence in the record connecting the other individuals to the crime. Thus, it was a fair comment that the other individuals whose prints were identified were not seen on the video. This was in contrast to the state's video evidence which purported to show appellant at the gas station shooting the victim. Thus, the trial court did not err in overruling appellant's objection to facts not in evidence.

Further, the state's comment and interpretation of the evidence was also a fair response to appellant's argument in closing. Appellant mentioned that other individuals' prints were located in and around the vehicle, and insinuated that those individuals could have been responsible for the shooting:

> So to say [appellant]'s prints were in the car so that means he was the shooter? How about the other fourteen people whose prints were in the car? In and around the car.

Appellant suggested that the other individuals could be responsible for the shooting. Thus, appellant invited the prosecutor's response. "A prosecutor's comments are not improper where they fall into the category of an 'invited response' by the preceding argument of defense counsel concerning the same subject." *Walls v. State*, 926 So. 2d 1156, 1166 (Fla. 2006).

Finally, appellant argues that the prosecutor improperly shifted the burden to him by insinuating that appellant needed to have his deceased cousin testify to prove appellant's alibi. When discussing appellant's statement that he was with his cousin, Bobo, the prosecutor said, "We can't talk to him. We have no idea. Can't do anything about that." This statement did not "invite the jury to convict the defendant for some reason other than that the State has proved its case beyond a reasonable doubt." *Gore v. State*, 719 So. 2d 1197, 1200 (Fla. 1998). The prosecutor did not say that appellant should be found guilty if he could not establish an alibi,

---

[1] The print examiner went through all 64 latent print cards she received, and of those 64 cards, 19 were "of value." Of those 19, the print examiner was able to identify 12 prints to various individuals including appellant. From those 12 prints, the print examiner was able to identify five individuals, in addition to appellant, using a separate database.

but rather simply that Bobo was not available to testify due to his demise. Based on all the circumstances, the state's argument would be considered a fair comment on the evidence.

In summary, we find that the arguments or statements made by the prosecutor either were fair comments on the evidence or harmless error. We affirm on this issue as well as all other issues raised.

*Affirmed.*

MAY and DAMOORGIAN, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**